IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE KEASCHALL, Personal Representative of the Estate of Kurtis Keaschall, deceased and DAWSON PUBLIC POWER DISTRICT,<br><br>Plaintiffs,<br><br>v.<br><br>ALTEC INDUSTRIES, INC. and OSBORNE INDUSTRIES, INC.,<br><br>Defendants. | CASE NO. 4:14-cv-03070<br><br>**PROTECTIVE ORDER** |

WHEREAS, in the course of this action, Plaintiffs Julie Keaschall, Personal Representative of the Estate of Kurtis Keaschall, deceased, and Dawson Public Power District ("Plaintiffs") have submitted to Defendant Altec Industries, Inc., ("Altec") and Osborne Industries, Inc., (Osborne) requests to produce certain documents;

WHEREAS, Altec and Osborne are prepared to produce certain documents in this action, provided there is in place a Protective Order governing the use of such information and materials;

WHEREAS, Altec and Osborne believe in good faith that certain materials requested contain trade secrets or other confidential or private information;

WHEREAS, under Rule 26(c)(G) of the Federal Rules of Civil Procedure, the Court is authorized to issue an Order to protect a party from annoyance, embarrassment, oppression or undue burden or expense, including a requirement that a trade secret or other confidential research, development, or commercial information not be revealed or revealed only in a specified way;

IT IS, THEREFORE, ORDERED AND ADJUDGED that the following procedure shall govern the production, use, and return of confidential information and materials.

I. **Confidential Information.** "Confidential Information" refers to any documents or information designated by Altec or Osborne as "Confidential," and which Altec or Osborne believe in good faith contains trade secrets or other confidential or private information. Altec and/or Osborne will designate Confidential Information by placing a "Confidential" or "Subject to Protective Order" stamp or label on any document it deems confidential, or by identifying in writing (or, in the case of a deposition, on the record) what it deems to be confidential.

II. **The Parties' Protection of Confidential Information.**

   A. The parties to this litigation (the "Parties") will not use or disclose Confidential Information for any purpose other than preparing for and conducting litigation in this case, including depositions of parties and non-parties, any hearings held in this matter, and trial.

   B. The Parties will not disclose or permit the disclosure of any Confidential Information without each other's mutual prior written consent, except that disclosure without their consent may be made to:

   1. Counsel retained by the Parties to represent them in this case, and employees of such counsel who have direct functional responsibility for the preparation and trial of the litigation. Any such employee to whom counsel makes a disclosure must be advised of, and become subject to, the provisions of this Order.

        **2.**    Court reporters, when necessary to question a witness in a deposition, and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure before any court reporter or to any person engaged to make photocopies of documents, such person must agree to be bound by the terms of this Order.

        **3.**    Consultants or experts (collectively, "Experts") employed or retained by the Parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any Expert, counsel for the disclosing party will have the Expert review this Protective Order, and the Expert must agree to be bound by the terms of this Order.

**C.**    To the extent that any document to be filed with the Court reveals or tends to reveal Confidential Information, each such document, or any portion thereof, must be filed under seal or as a "restricted access" document pursuant to United States District Court for the District of Nebraska rules 5.3 and 7.5.

**D.**    At trial, any depositions or exhibits marked as Confidential and requested to be made part of the record shall be submitted to the Court under seal by the submitting party in an envelope marked "SEALED - CONFIDENTIAL INFORMATION."

**E.**    At the conclusion of the litigation, the Parties will return to Altec's and/or Osborne's counsel all Confidential Information they received from Altec and/or Osborne. The Parties will further direct those to whom Confidential Information was disclosed to return to them all such Confidential Information, so that the Parties can then act as above. The Parties shall verify in writing to Altec's and/or

Osborne's counsel whether all Confidential Information they received from Altec and/or Osborne has been returned to their respective counsel. The obligation to maintain the confidentiality of confidential material shall continue after the termination of this litigation.

**III. Challenge to Claim of Confidentiality.** The Parties may challenge Altec's or Osborne's designation of Confidential Information by motion, but initially must attempt to resolve any challenge by informal, direct discussions with Altec's or Osborne's counsel.

**IV. Binding Effect.** This Order shall bind the parties hereto, and any other person or entity to whom Confidential Information is disclosed pursuant to the terms of Section II(B) above, as well as their respective affiliated organizations, employees, agents, officers, executives, directors, successors, assigns, and attorneys.

Dated this 5th day of December, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

AGREED:

JULIE KEASCHALL, Plaintiff,

BY:  /s/ Larry W. Beucke
     Larry W. Beucke, #18444
     Parker, Grossart, Bahensky, Beucke & Bowman, L.L.P.
     1516 First Avenue, P.O. Box 1600
     Kearney, NE 68848
     lwb@pgbblaw.com

DAWSON PUBLIC POWER DISTRICT, Plaintiff,

BY:     /s/ Steven E. Guenzel
        Steven E. Guenzel, #15677
        Johnson, Flodman, Guenzel & Widger
        1227 Lincoln Mall
        P.O. Box 81686
        Lincoln, NE 68501-1686
        sguenzel@johnsonflodman.com

OSBORNE INDUSTRIES, INC., Defendant,

BY:     /s/ Stephen L. Ahl
        Stephen L. Ahl, #10036
        Wolfe, Snowden, Hurd, Luers & Ahl, LLP
        Wells Fargo Center
        1248 "O" Street, Suite 800
        Lincoln, NE 68508
        sahl@wolfesnowden.com

ALTEC INDUSTRIES, INC., Defendant,

BY:     /s/ Robert W. Shively
        Robert W. Shively, #18166
        SHIVELY & LANNIN, P.C., L.L.O.
        4400 South 86th Street, Suite 100
        Lincoln, Nebraska  68526
        rshively@shivelylaw.com