IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIE KEASCHALL, Personal Representative of the Estate of Kurtis Keaschall, deceased, and DAWSON PUBLIC POWER DISTRICT, | ) ) ) ) ) | CASE NO. 4:14-CV-03070 |
| Plaintiffs, | ) ) | **PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY (*Daubert* Motion)** |
| v. | ) ) | |
| ALTEC INDUSTRIES, INC. and OSBORNE INDUSTRIES, INC. | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Julie Keaschall, as Personal Representative of the Estate of Kurtis Keaschall, by and through her attorneys Rembolt Ludtke LLP and Larry W. Beucke, respectfully moves the Court for an Order barring each of the experts for the Defendants, Ben T. Railsback, Joseph F. Rakow, and Anand R. Shah from testifying about or offering any expert opinion regarding Kurtis Keaschall's failure to connect a safety lanyard to a D-ring located on the bucket which failed and the effect, if any, of such failure. The anticipated testimony is both irrelevant and unreliable, and therefore, is barred by Federal Rule of Evidence 702 and the opinions of the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael* 526 U.S. 137 (1999). Such testimony fails to meet the relevance and reliability requirements because none of the experts conducted any testing or examination of the D-ring on the failed bucket, and the testimony of Altec itself confirms that the D-ring was not designed to protect an individual in the event of a catastrophic failure of a bucket.

WHEREFORE, Keaschall respectfully requests that this Court grant this Motion to Exclude Expert Testimony (*Daubert* Motion); that it bar the Expert Reports of Ben T. Railsback, Joseph F. Rakow, and Anand R. Shah from introduction or discussion at the trial of this matter as it relates to the D-ring; and that it further bar Ben T. Railsback, Joseph F. Rakow, and Anand R. Shah from testifying at the trial of this matter with respect to the failure of Kurtis Keaschall to connect the lanyard to the D-ring and the effect, if any, on such failure.

DATED May 10, 2017.

        JULIE KEASCHALL as Personal
        Representative for the ESTATE OF
        KURTIS KEASCHALL, Defendants

By:   /s/ Mark R. Richardson
       Peter C. Wegman (#16685)
       pwegman@remboltlawfirm.com
       Daniel E. Klaus (#17889)
       dklaus@remboltlawfirm.com
       Timothy R. Engler (#15940)
       tengler@remboltlawfirm.com
       Mark R. Richardson (#24719)
       mrichardson@remboltlawfirm.com
       REMBOLT LUDTKE LLP
       1128 Lincoln Mall, Suite 300
       Lincoln, NE 68508
       (402) 475-5100

       and

       Larry W. Beucke (#18444)
       lwb@pgbblw.com
       PARKER, GOSSART, BAHENSKY, BEUCKE,
        BOWMAN & SYMINGTON, LLP
       1516 1st Avenue
       Kearney, NE 68848-1600
       (308) 237-2114

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on May 10, 2017, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Steven E. Guenzel
JOHNSON FLODMAN GUENZEL
  & WIDGER
P.O. Box 81686
Lincoln, NE 68501
sgunezel@johnsonflodman.com
*Attorney for Plaintiff Dawson Public Power District*

Robert W. Shively
SHIVELY & LANNIN, PC, LLO
4400 S. 86th Street, Suite 100
Lincoln, NE 68526
rshively@shivelylaw.com
*Attorney for Defendant Altec Industries, Inc.*

Stephen L. Ahl
WOLFE, SNOWDEN, HURD,
  LUERS & AHL, LLP
1248 "O" Street, Suite 800
Lincoln, NE 68508
sahl@wolfesnowden.com
*Attorney for Defendant Osborne Industries, Inc.*

                                              /s/ Mark R. Richardson
                                            Mark R. Richardson (#24719)

4834-0365-6264, v. 1