IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JULIE KEASCHALL, Personal Representative of the Estate of Kurtis Keaschall, deceased and DAWSON PUBLIC POWER DISTRICT,** | CIVIL ACTION NO.: 4:14-CV-03070 |
| Plaintiffs, | |
| vs. | **DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| **ALTEC INDUSTRIES, INC. and OSBORNE INDUSTRIES, INC.,** | |
| Defendants. | |

## INTRODUCTION

This is a product liability case involving an aerial boom bucket manufactured by Defendant Osborne Industries, Inc. ("Osborne") and attached to a boom manufactured by Defendant Altec Industries, Inc. ("Altec"). Plaintiff alleges strict liability claims for defects in manufacturing, design, and warning. Plaintiff also alleges negligence in the manufacture and design of the aerial boom bucket. However, Plaintiff lacks necessary evidentiary support for central elements of each of these claims.

All of Plaintiff's claims in this matter depend on expert testimony to establish both proximate causation and defect. However, Plaintiff has no <u>competent</u> expert testimony on these necessary elements. Plaintiff has designated two liability experts. However, Plaintiff's proposed expert testimony is unreliable, speculative, and insufficient to raise a question of material fact. Defendants have moved the Court to exclude testimony from these proposed experts, and the exclusion of this testimony is fatal to each of Plaintiff's product liability claims.

Plaintiff's wrongful death claim also depends on the success of Plaintiff's product liability claims.

Accordingly, Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims.

## STATEMENT OF UNDISPUTED FACTS

1. Kurtis Keaschall was operating an aerial boom truck, manufactured by Altec, and was inside an insulated boom bucket, manufactured by Osborne, when the bucket separated from the truck and dropped to the ground, injuring Mr. Keaschall and causing his death. (ECF No. 1)

2. In this product liability suit, Plaintiff asserts strict-liability theories of manufacturing defect, design defect and failure to warn, as well as negligence claims. Plaintiff also makes a claim for wrongful death. (ECF No. 1).

3. Plaintiff designated only two liability experts in this case, John A. Eihusen and William R. Coleman. (Ahl Affidavit ¶4).

4. Plaintiff designated John A. Eihusen as an expert to offer opinions regarding (1) the existence of a design defect; (2) the existence of a manufacturing defect; (3) the unreasonable dangerousness of the aerial boom bucket for its intended purpose; (4) Defendants' alleged failure to exercise due care; (5) the proximate causation of the injuries and death of Kurtis Keaschall. (*See* Sept. 26, 2015 Eihusen Report).

5. Mr. Eihusen did not use any tests or calculations when coming to his conclusions on these topics. Instead, he made conclusions based on visual indications. (Eihusen Depo. 66:1-7, 19-22, 67:15-19).

6. Plaintiff designated Mr. Coleman, a Metallurgical Engineer, to offer opinions

2

regarding Plaintiff's manufacturing-defect theory. (*See* Sept. 30, 2015 Coleman Report at 4).

7. Mr. Coleman did not use any tests when coming to his conclusions on these topics. Instead, he made conclusions based on visual indications. (Coleman Depo. 38:3-7, 63: 5-13).

8. Defendants' experts conducted laboratory experiments, concluding that there was no defect in the aerial boom bucket rendering it unreasonably dangerous for its intended use and that the failure of the physical evidence from the accident scene was inconsistent with a finding that the aerial boom bucket failed as a result of normal use within the rated load capacity. (*See* June 23, 2016 Knott Laboratory Engineering Report prepared by Osborne's designated expert Ben T. Railsback and Report of Osborne's designated expert Joseph F. Rakow, PhD, P.E).

9. On May 10, 2017, Defendants filed a Motion to Exclude Testimony of John A. Eihusen. (Ahl Affidavit ¶15).

10. On May 10, 2017, Defendants filed a Motion to Exclude Testimony of William R. Coleman (Ahl Affidavit ¶15).

## **SUMMARY JUDGMENT STANDARD**

"[S]ummary judgment is . . . an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Wabun-Inini v. Sessions*, 900 F.2d 1234, 1238 (8th Cir. 1990) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986)). Summary judgment "should be rendered if

the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co. v. Zenith,* 475 U.S. 574, 586-587 (1986). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial. FED. R. CIV. P. 56(e)(2); *see also, LeBus v. Northwestern Mutual Life Ins.,* 55 F.3d 1374, 1376 (8th Cir. 1995). The facts and circumstances upon which the non-moving party relies "must attain the dignity of substantial evidence and must not be such as merely to create a suspicion." *Metge v. Baehler,* 762 F.2d 621, 625 (8th Cir. 1985), *cert. den'd,* 474 U.S. 1057 & 1072 (1986).

A material fact is one that constitutes an element that is essential to a party's case. *See, Celotex v. Catrett,* 477 U.S. at 322-23. While it is the movant's burden to show the absence of a genuine issue of material fact, *id.* at 323, it is the non-moving party's burden to establish its existence. *See, Matsushita,* 475 U.S. at 585-87. The affirmative evidence that the non-moving party presents to this end must be more than a "mere scintilla," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986), more than "merely colorable," *Celotex* at 327, and more than "some metaphysical doubt." *Matsushita,* 475 U.S. at 586. To survive summary judgment, the non-moving party must

present evidence that is "significantly probative." *Celotex* at 327.

A lack of credible expert testimony on a point for which expert testimony is required is a sufficient basis for summary judgment. *Peitzmeier v. Hennessy Indus.*, 97 F.3d 293, 298 (8th Cir. 1996); *see also Barrett v. Rhodia, Inc.*, 606 F.3d 975, 984 (8th Cir. 2010) ("Because expert testimony is required to prove causation under Nebraska law and appellants' expert testimony was properly excluded by the district court, they were unable to make out a prima facie case of strict liability based on product defect or failure to warn. The district court properly granted summary judgment to Rhodia.")

## ARGUMENT

Summary judgment in favor of Defendants on each of Plaintiff's claims is appropriate because:

- Each of Plaintiff's claims requires a showing of proximate causation and of defect causing an unreasonably dangerous product;

- Under Nebraska law, showing proximate causation and defect requires competent <u>expert</u> testimony;

- To qualify as competent summary judgment evidence, a party's proposed expert testimony must meet the *Daubert* reliability and relevance threshold. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); and

- Plaintiff has no competent expert testimony on proximate causation or defect.

Accordingly, Defendants are entitled to judgment as a matter of law, and the Court should grant their Rule 56(c) motion.

### I. EACH OF PLAINTIFF'S CLAIMS FAILS BECAUSE PLAINTIFF HAS NOT CREATED A QUESTION OF MATERIAL FACT ON PROXIMATE CAUSATION

Each of Plaintiff's claims in this matter requires a showing of proximate causation: "[i]n the absence of a causal relationship between the defendant's product and the plaintiff's injury, the defendant cannot be held liable on a theory of negligence, strict product liability, or misrepresentation." *Uribe v. Sofamor*, S.N.C., 8:95CV464, 1999 U.S. Dist. LEXIS 18854, at *11 (D. Neb. Aug. 16, 1999) (unpublished opinion) (cleaned up). When a product liability plaintiff fails to provide <u>competent</u> evidence of proximate causation, summary judgment is appropriate. *Sorensen by & Through Dunbar v. Shaklee Corp.*, 31 F.3d 638, 651 (8th Cir. 1994). Here, summary judgment in favor of Defendants is appropriate because Plaintiff's proffered proximate causation evidence is not sufficient to raise a question of material fact on any of Plaintiff's claims.

Under Nebraska law, only <u>competent</u> testimony from a <u>qualified expert</u> can raise a question of material fact on proximate causation in a product liability case. *Barrett v. Rhodia*, Inc., 606 F.3d 975, 984 (8th Cir. 2010) (citing *Schafersman v. Agland Coop.*, 268 Neb. 138, 681 N.W.2d 47, 56 (Neb. 2004)) ("Expert evidence is required to establish the element of proximate causation in a Nebraska product liability case."). Speculative or unreliable testimony from a proposed expert is not enough to survive summary judgment. *Fackler v. Genetzky*, 263 Neb. 68, 638 N.W.2d 521, 527-28 (Neb. 2002); *Roskop Dairy, L.L.C. v. GEA Farm Techs.*, Inc., 292 Neb. 148, 181, 871 N.W.2d 776, 800 (2015).

Plaintiff's proposed expert testimony on proximate causation is not sufficient to raise a question of material fact. Plaintiff's only attempt to establish causation comes through the proposed testimony of Mr. Eihusen, who opines that Mr. Keaschall's injury

6

and death were proximately caused by a manufacturing defect and/or a design defect in the aerial boom bucket. (*See* Sept. 26, 2015 Eihusen Report). However, Defendants have filed a Motion to Exclude Testimony of John A. Eihusen because his testimony is not reliable and is not admissible under *Daubert* and its progeny. (ECF No. __). As explained in Defendants' Brief supporting that Motion, Mr. Eihusen's causation testimony is outside his qualifications, is untested, is unfalsifiable, and amounts to inadmissible *ipse dixit*. This testimony cannot raise a question of material fact on proximate causation on any of Plaintiff's claims. Accordingly, summary judgment is appropriate. *See Pro Serv. Auto., L.L.C. v. Lenan Corp.,* 469 F.3d 1210, 1216 (8th Cir. 2006) (affirming grant of summary judgment where plaintiff lacked expert testimony on proximate causation after defendant's *Daubert* motion).

Plaintiff's other designated expert, William R. Coleman, does not proffer testimony that seeks to explain the cause of Mr. Keaschall's injury and death and, accordingly, his testimony, even if were admitted, would not raise a question of material fact on proximate causation. (Sept. 30, 2015 Report of William R. Coleman). Moreover, even to the extent that Plaintiff attempts to stretch Mr. Coleman's designation to argue it can be read to propose testimony on proximate causation, Mr. Coleman's proposed testimony could not raise a question of material fact on proximate causation. Any such testimony is unreliable and speculative for the reasons described in Defendants' Brief in Support of Motion to Exclude Testimony of William R. Coleman. (See ECF No. ___)

Once Mr. Eihusen and Mr. Coleman's unreliable testimony is excluded, Plaintiff has no competent evidence to raise a question of material fact on proximate causation.

Because each of Plaintiff's claims hinges on a showing of proximate causation, summary judgment is appropriate.

## II. PLAINTIFF ALSO FAILS TO RAISE A QUESTION OF MATERIAL FACT ON DEFECT

There is a second and independent reason why the Court should grant Defendants' Motion for Summary Judgment: Plaintiff fails to raise a question of material fact on the existence of any defect (either manufacturing or design) that rendered the aerial boom bucket unreasonably dangerous for its intended purpose. *Haag v. Bongers*, 256 Neb. 170, 589 N.W.2d 318, 328 (Neb. 1999); *Peitzmeier v. Hennessy Indus.,* 97 F.3d 293, 298 (8th Cir. 1996).

Under Nebraska law, product liability claims involve complex devices require a showing of defect. *Roskop Dairy, L.L.C. v. GEA Farm Techs., Inc.*, 292 Neb. 148, 170, 871 N.W.2d 776, 793 (2015) ("All implied warranty theories of recovery and strict liability claims for manufacturing defect, design defect, or failure to warn seek to recover for a "defect."); *Wagner v. Hesston Corp.*, 450 F.3d 756, 761 (8th Cir. 2006).

Moreover, a product liability plaintiff must do more than point to the occurrence of an accident—there must be <u>competent evidence of defect</u> to create a question of material fact. *Delgado v. Inryco, Inc.*, 230 Neb. 662, 433 N.W.2d 179, 184-185 (Neb. 1988). Under Nebraska law, expert testimony is required to establish defect in a product liability case. *Barrett v. Rhodia*, Inc., 606 F.3d 975, 984 (8th Cir. 2010) (citing *Schafersman v. Agland Coop.*, 268 Neb. 138, 681 N.W.2d 47, 56 (Neb. 2004)).

Plaintiff lacks competent evidence of this critical element. Neither Mr. Eihusen nor Mr. Coleman can give competent, reliable testimony that the aerial boom bucket

8

had a defect (either manufacturing or design) that rendered the aerial boom bucket unreasonably dangerous for its intended use at the time of manufacture.

Both Mr. Eihusen and Mr. Coleman propose to testify regarding certain "flaws" in the aerial boom bucket, but neither can give reliable and admissible testimony about any impact that these flaws had on the ability of the aerial boom bucket to perform its intended function (i.e. carry its rated load capacity). As explained in Defendants' motions to exclude the testimony of these experts, neither Mr. Eihusen nor Mr. Coleman analyzed the impact that the identified flaws would have on the structural integrity of the aerial boom bucket or its capacity to carry its rated load. (See ECF No. ___ and ____)

Only Mr. Eihusen purports to opine regarding the existence of a design defect. However, as explained in Defendants' Brief in Support of Motion to Exclude Testimony of John A. Eihusen, this testimony is unreliable and inadmissible. Mr. Eihusen admittedly was not familiar with design intent and failed to explain <u>any</u> established metric by which he deemed the aerial boom bucket unreasonably dangerous despite his admission that the bucket's design complied with industry standards.

In *Uribe,* 1999 WL 1129703 at *9, this Court dismissed the plaintiff's negligence and strict liability claims because the plaintiff's expert failed to identify a specific defect in the orthopedic device at issue and his opinions were "too generalized and irrelevant to . . . create a genuine issue of material fact regarding design defect." The same applies here.

Plaintiff lacks any competent evidence to show the existence of either a design or manufacturing defect that rendered the aerial boom bucket unreasonably dangerous for

9

its intended use. Accordingly, summary judgment is appropriate on each of its claims. *See Trost v.Trek Bicycle Corp.,* 162 F.3d 1004, 1009 (8th Cir. 1998) (holding that where the only evidence plaintiff offered of product's defective condition was expert testimony that the district court excluded, summary judgment was appropriate).

### III. PLAINTIFF'S WRONGFUL DEATH CLAIM IS A CONTINGENT CLAIM THAT FAILS BECAUSE THE UNDERLYING THEORIES OF LIABILTIY FAIL

Plaintiff also asserts a wrongful-death claim. This claim depends on the success of the underlying theories of recovery (i.e. strict liability and negligence). *See, e.g., Stahlecker v. Ford Motor Co.,* 266 Neb. 601, 667 N.W.2d 244 (2003) (granting motion to dismiss wrongful death claims where defendants were entitled to judgment as a matter of law on strict liability and negligence theories). Defenses against Plaintiff's strict liability and negligence claims apply with equal force against Plaintiff's wrongful death claim. Accordingly, because Plaintiff cannot raise a question of material fact under any theory of liability pled, Defendants are entitled to judgment as a matter of law on Plaintiff's wrongful death claim.

### CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion for Summary Judgment.

Dated this 10th day of May, 2017

                              OSBORNE INDUSTRIES, INC., and ALTEC INDUSTRIES, INC. Defendants,

                              By:   /s/Stephen L. Ahl
                                      Stephen L. Ahl, #10036
                                      Elizabeth Ryan Cano, #26180
                                      Wolfe, Snowden, Hurd, Luers & Ahl, LLP


Wells Fargo Center
1248 O Street, Suite 800
Lincoln, NE 68508
(402) 474-1507
sahl@wolfesnowden.com

**Attorneys for Defendant Osborne Industries, Inc.**

/s/ Robert W. Shively
Robert W. Shively
Shively & Lannin, P.C., L.L.O.
4400 South 86th Street, Suite 100
Lincoln, NE 68526
rshively@shivelylaw.com

**Attorneys for Defendant Altec Industries, Inc.**

### CERTIFICATE OF SERVICE

I electronically filed the foregoing I electronically filed the foregoing ***Defendants' Brief in Support of Motion for Summary Judgment*** on this 10th day of May, 2017, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Larry W. Beucke
PARKER, GROSSART LAW FIRM
P.O. Box 1600
Kearney, NE 68848-1600
lwb@pgbblaw.com


Peter C. Wegman
pwegman@remboltlawfirm.com
Mark R. Richardson
mrichardson@remboltlawfirm.com
Tim Engler
tengler@remboltlawfirm.com
Daniel Klaus
dklaus@remboltlawfirm.com
REMBOLT LUDTKE LLP
1128 Lincoln Mall, Suite 300
Lincoln, NE 68508

(402) 475-5100

***Attorney for Plaintiff Julie Keaschall***

Steven E. Guenzel
JOHNSON, FLODMAN LAW FIRM
P.O. Box 81686
Lincoln, NE 68501
sguenzel@johnsonflodman.com

***Attorney for Plaintiff Dawson Public Power District***

                    /s/Stephen L. Ahl
                    Stephen L. Ahl